UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NATASHA CHAMBERS,
    *Plaintiff*,

v.

HARTFORD PUBLIC SCHOOL,
    *Defendant*.

No. 3:16-cv-01801 (JAM)

**ORDER OF DISMISSAL WITHOUT PREJUDICE
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Natasha Chambers has filed a complaint *pro se* and *in forma pauperis* for employment discrimination against defendant Hartford Public School. Because I conclude that the complaint does not intelligibly allege facts that would give rise to plausible grounds for relief, I will dismiss the complaint without prejudice to plaintiff's filing of an amended complaint on or before January 30, 2017.

### BACKGROUND

Plaintiff was employed until recently by defendant as a school nurse. In filing this *pro se* complaint for employment discrimination, she used a standardized complaint form in which she checked off a box for a claim of discrimination under Title VII of the Civil Rights Act of 1964. Doc. #1 at 1. Although the form lists other statutes that may be a basis for a discrimination claim (including the Age Discrimination in Employment Act, the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1980), she did not check off any of the boxes for a claim to be made under these statutes. *Id.* at 1–2.

The complaint form also includes a checklist for "acts complained of in this suit." *Id.* at 2. Plaintiff checked off the box for "Termination of my employment." *Ibid.* Next to this entry,

the form states: "I was terminated from my employment on the following date:" Plaintiff wrote in the following response: "4/27/16  While at home self resigned." *Ibid.*

In addition, the complaint form includes an entry for "Other acts as specified below:" *Ibid.* Plaintiff wrote in the following responses that are set forth verbatim here: "Altering my personal file removing time cards changing times Having me not work within my scope of practice Whistleblowing Failure to pay out all pension [to] me being completely disabled Denial of unemployment." *Ibid.*

On the next page of the complaint form there is a query concerning the basis for plaintiff's claim of discrimination. *Id.* at 3. Plaintiff checked off a box for "disability" discrimination and left blank the boxes for discrimination on the basis of "race," "color," "religion," "sex," "age," and "national origin." *Ibid.* On the same page, there is an additional entry for "The alleged discrimination occurred on or about the following dates(s) or time period," and plaintiff filled in the date "March 10, 2016." *Ibid.*

Beyond the facts as described above, the complaint does not describe any other facts to support plaintiff's claims. Plaintiff, however, attached a collection of 40 pages of employment-related documents to her complaint, such as correspondence, paystubs, and a handwritten diary. Doc. #1-1 at 1–40. Among these documents is a copy of a discrimination complaint that plaintiff apparently filed on March 31, 2016, with the State of Connecticut Commission on Human Rights and Opportunities. *Id.* at 17–20. Also among these documents is a written warning letter to plaintiff from defendant dated March 9, 2016, and that describes numerous complaints from different schools about plaintiff's performance. *Id.* at 14–15.

**DISCUSSION**

A district court may *sua sponte* dismiss an *in forma pauperis* action if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (*per curiam*). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

It is well established that "*pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although the Court must accept as true all factual matters alleged in a complaint, a complaint may not survive unless its factual recitations state a claim to relief that is at least plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and the rule requires that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). As the Second Circuit has explained, "a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). Still, Rule 8 "does not countenance pleadings that are conclusory; it requires factual allegations that

are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In view of these governing legal principles, I conclude that plaintiff's complaint should be dismissed for failure to articulate an intelligible legal claim. The complaint is not only hopelessly spare in factual detail but incoherently self-contradictory. For example, plaintiff indicates on one page of the complaint that she is pursuing a claim for Title VII discrimination but indicates on the next page of the complaint that her sole claim is for disability discrimination. Title VII of course does not govern claims for disability discrimination. *See, e.g.*, *Gaube v. Day Kimball Hosp.*, 2015 WL 1347000, at *4 (D. Conn. 2015). Plaintiff has also checked off a box indicating that she was terminated from her job but then immediately afterward states that she resigned from her job.

Although the complaint lists many "other acts" by her employer, none of these alleged acts appear to involve conduct that violates any federal discrimination law or other federal statutes. Nor is the Court able to discern the basis for plaintiff's claim from the hodgepodge collection of documents that plaintiff has attached to her complaint, and in subsequent filings. *See* Docs. #6, #7.

In short, despite the latitude that is afforded to *pro* se litigants, plaintiff has not crafted a complaint that states an intelligible claim, much less one that gives rise to plausible grounds for relief. The complaint does not give fair notice of the basis for plaintiff's claim, and it would be unfair to require defendant to attempt to respond by guessing what grounds plaintiff believes support her claim. Accordingly, the Court will dismiss the complaint without prejudice to plaintiff's filing of an amended complaint.

**CONCLUSION**

      For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court shall close this case.

      This order of dismissal is without prejudice to plaintiff's filing of a motion to reopen this case along with an amended complaint that sets forth a clear factual statement of the grounds for plaintiff's claim. Any amended complaint should clearly state on what basis plaintiff believes that she was subject to discrimination (*e.g.*, race, gender, age, disability, etc.), any specific acts and adverse actions by defendant that make her believe she was subject to discrimination, and the approximate dates or date range that such actions occurred. If plaintiff continues to believe that she has a proper claim for discrimination or for any other violation of the law over which this Court may have jurisdiction, she should file a motion to reopen along with an amended complaint by January 30, 2017. On any subsequent filings, plaintiff should take care to redact her Social Security number and date of birth.

      It is so ordered.

      Dated at New Haven, Connecticut this 29th day of December, 2016.

      /s/ *Jeffrey Alker Meyer*
      Jeffrey Alker Meyer
      United States District Judge